(No. 2491—)

Louis A. Karcher, Claimant, vs. State of Illinois, Respondent.

*Opinion filed September 10, 1936.*

William H. Schuwerk, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

Prior to and on September 2d, 1933 claimant was employed by the respondent as a steward at the Southern Illi-

nois Penitentiary located at Menard. On the last mentioned date, while in the performance of his duties, claimant was passing from the officers' kitchen to the kitchen for convicts at a time when an institution truck passed within four feet of him, by reason whereof some foreign substance was thrown into his left eye. He immediately went into the office and had such foreign substance removed, and also applied argarol to such eye. It continued to bother him, and on September 4th he went to his home at McLeansboro where he consulted Dr. Hall. During the time which intervened between September 2d and September 24th he was also treated by Dr. Burnett, the institutional doctor at Menard. On September 24th he went to the Haley Eye Infirmary at Centralia for treatment. The condition of the eye continued to grow worse, and it was finally determined that it would have to be removed. The eye was therefore removed on February 21st, 1934.

Claimant was paid $90.00 for temporary total disability, and has specifically waived all claim for compensation for such disability.

Upon consideration of the record in this case we find as follows:

1. That on September 2d, 1933 said employer and said employee were operating under and bound by the terms and provisions of the Workmen's Compensation Act of this State.

2. That on said date said employee sustained accidental injuries which arose out of and in the course of his employment.

3. That notice of the accident was given and claim for compensation on account thereof was made in accordance with the requirements of Section 24 of the Workmen's Compensation Act.

4. That the earnings of the claimant during the year next preceding the injury were $1,368.00, and that the average weekly wage was $26.30.

5. That at the time of the accident in question, claimant had two children under the age of sixteen years, to wit, Dorris May Karcher, 10, and Louis William Karcher, 8.

6. That necessary medical, surgical and hospital services were not provided by the respondent; that the claimant secured such services at his own expense, and became indebted therefor in the total amount of $162.00.

7. That claimant is entitled to have and receive from said respondent the following sums, to wit:

a) $15.78 per week for a period of 120 weeks commencing on September 3d, 1933, to wit, the sum of $1,893.60, for the loss of the sight of the left eye.

b) $162.00, being the amount of medical, surgical and hospital bills necessarily incurred by claimant.

8. That the total amount of the compensation to which claimant is entitled as above set forth has accrued prior to the date of this hearing.

Award is therefore hereby entered in favor of the claimant in the sum of Two Thousand Fifty-Five Dollars and Sixty Cents ($2,055.60), payable as follows:—

To Louis A. Karcher the sum of Eighteen Hundred Ninty-Three Dollars and Sixty Cents ($1,893.60);

To Louis A. Karcher, for the use of Haley Eye Infirmary, the sum of One Hundred Sixty-Two Dollars ($162.00);

Total, Two Thousand Fifty-Five Dollars and Sixty Cents ($2,055.60.)

This award being for injuries sustained by a State employee, is subject to the provisions of an Act entitled *"An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof,"* approved July 2d, 1935.

In accordance with the provisions of such Act, this award is subject to the approval of the Governor, and upon such approval is payable from the General Fund, in the manner provided by such Act.